UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEX A WOUTS,<br>Petitioner,<br>v.<br>DAN ALLEN,<br>Respondent. | Case No. 2:26-cv-00371-BHS-TLF<br><br>ORDER DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE |

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his Judgment and Sentence in state court. He moves the Court to appoint counsel.

"Generally, a person has no right to counsel in civil actions," such as a habeas action under Section 2254. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "[R]epresentation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . ." 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 1915(e).

A financially eligible petitioner may still be appointed counsel under "'exceptional circumstances.'" *Palmer*, 560 F.3d at 970 (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F. 3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The 'exceptional circumstances' standard requires more than difficulties typical to a pro se litigant or prisoner, which include but are not limited to general logistical concerns regarding discovery or litigating his matter, his lack of legal education, imperfect law library access, or an inability to find counsel. *See*, *e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Here, petitioner argues that he has been unable to find counsel, but he does not explain why this case should be considered exceptional in light of the merits of his claim and the standard described by the Ninth Circuit. *See, Palmer*, 560 F.3d at 970. Dkt. 35.

Accordingly, petitioner's motion for counsel is **DENIED without prejudice**.

Dated this 23rd day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge